of the Fourth Circuit. If the facts in Jefferson Standard Life Insurance Co. v. Keeton (C. C. A. 4) 292 F. 53, can be said to be analogous to the facts in the instant case, then we can not follow that ruling, as it seems to be quite inconsistent with Kline v. Burke Const. Co., supra, and the other authorities hereinbefore set forth.

We do not question the inadequacy of appellee's legal remedy at the time its bill was filed, nor the District Court's jurisdiction of the subject matter of the bill at that time, nor its right to maintain and exercise that jurisdiction. These powers may be quite necessary to protect appellee's rights in case appellant should dismiss its action in the state court after the incontestable period has expired. We do, however, hold that appellee's action to cancel the policy is an action in personam and under the authorities cannot constitute a basis for enjoining appellant's action on the policy in the Minnesota court.

The rule as laid down by the Supreme Court provides that the judgment or decree first obtained may be pleaded as res adjudicata of the facts thus decided, in the court where the undecided case is then pending. We are not without doubt as to the relative rights of the parties in case both causes were decided differently at precisely the same time. This question, however, can only be pertinent, if at all, to the reasonableness of the rule which permits both actions to proceed at the same time. With the reasonableness of that rule we are not concerned.

The decree is reversed and the cause is remanded with instructions to dissolve the injunction, and for further proceedings not inconsistent with this opinion.

**In re KING.**

**No. 7472.**

Circuit Court of Appeals, Fifth Circuit.

Oct. 6, 1934.

Crampton Harris, of Birmingham, Ala., for petitioner.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

PER CURIAM.

The petition of appellant for writ of mandamus to compel the District Judge to sign a bill of exceptions in this case is denied; it appearing from petition of appellant that no bill of exceptions was presented to the District Judge within the time required by law.

Denied.

**JAGELS v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 5285.**

Circuit Court of Appeals, Third Circuit.

July 26, 1934.

Rehearing Denied Sept. 26, 1934.

